THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN JAY PINCUS HUETER, | CASE NO. C21-1271-JCC |
| Plaintiff, | ORDER |
| v. | |
| DEBRA ANN HAALAND, *et al.*, | |
| Defendants. | |

This matter comes before the Court on pre-service review of Plaintiff Steven Jay Pincus Hueter's complaint (Dkt. No. 6) under 28 U.S.C. § 1915(e)(2) and on Plaintiff's request to issue summons (Dkt. No. 9).

I.  **BACKGROUND**

Plaintiff filed a lawsuit in July 2021 against Ingrid Pederson, Gerald Young, and S/V Falcon (a sailing vessel), alleging that Pederson and Young illegally took the S/V Falcon from a storage facility in Washington State and sailed it to American Samoa, where they now live on the boat. *Hueter v. Pederson*, 2021 WL 4209430, slip op. at 1 (W.D. Wash. 2021) ("*Hueter I*"). The Court granted Pederson's and Young's motion to dismiss the complaint in *Hueter I* for lack of subject matter jurisdiction, explaining that Plaintiff's declaratory judgment claim did not confer federal question jurisdiction; a dispute over a transaction involving a vessel does not confer

Case 2:21-cv-01271-JCC   Document 11   Filed 09/24/21   Page 2 of 4

admiralty jurisdiction; and, as a result, the Court lacked supplemental jurisdiction over Plaintiff's state law claims. *Hueter I*, 2021 WL 4209430, slip op. at 2–3.

Plaintiff filed this case in September 2021, and the Honorable Brian A. Tsuchida, United States Magistrate Judge, granted his motion to proceed *in forma pauperis*. (Dkt. No. 5.) Plaintiff's complaint asserts the same claims against Young, Pederson, and the S/V Falcon as in *Hueter I*. (*See* Dkt. No. 6 at 11–31.) This time, though, Plaintiff also sues U.S. Secretary of the Interior Deb Haaland for allegedly failing to appoint justices to the High Court of American Samoa who will protect Plaintiff's constitutional rights and impartially adjudicate his claims regarding the S/V Falcon. (*Id.* at 8–10.) Plaintiff prays for various forms of relief including a large monetary award, ownership of the S/V Falcon, and an order directing Secretary Haaland to appoint "conflict-free justices" to the High Court of American Samoa and to pay damages to Plaintiff. (*Id.* at 31–35.)

## II.   DISCUSSION

The Court must dismiss before service a complaint filed *in forma pauperis* if it "fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) (section numbering omitted); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000).

A complaint must be dismissed if it does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is proper if the complaint lacks a cognizable legal theory or states insufficient facts to support one. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). Similarly, courts may dismiss based on qualified immunity under § 1915(e)(2)(B)(iii) "if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity." *See Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016).

*Pro se* complaints are read liberally and in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Still, § 1915(e) "not only permits but requires" dismissal of an *in forma pauperis* complaint that fails to state a claim. *Lopez*, 203 F.3d at 1229. If the Court dismisses the complaint, it should give leave to amend unless "it is absolutely clear" that amendment would not cure the pleading deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint asserts the same claims this Court dismissed in *Hueter I* for lack of subject matter jurisdiction. The only difference is that he has added claims against Secretary Haaland apparently to create a basis for federal subject matter jurisdiction.

Plaintiff's claims against the Interior Secretary must be dismissed. First, she is immune from suit for money damages because it is clear from Plaintiff's complaint that he can present no evidence demonstrating that she used her authority to appoint jurists to the Hight Court of American Samoa,[1] in violation of clearly established law as needed to defeat qualified immunity. *See Chavez*, 817 F.3d at 1169; *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1865 (2017) (articulating standard for qualified immunity in suits against federal officials). Second, the Court lacks power to order an executive branch official to appoint or refrain from appointing a particular person to an office. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) ("Federal courts do not exercise general legal oversight of the Legislative and Executive Branches . . . ."); *Stock West Corp. v. Lujan*, 982 F.2d 1389, 1397 n.11 (9th Cir. 1993) (stating "it is doubtful that the district court has power to order Interior Department approval of the contracts" because "mandamus [is] not available to instruct an official how to exercise discretion" (citation omitted)).

Plaintiff fails to state a claim for relief against Pederson and Young because it is clear from the face of his Complaint that the doctrine of issue preclusion prevents him from relitigating the Court's decision in *Hueter I* that it lacked subject matter jurisdiction over the S/V

---

[1] REVISED CONST. OF AMER. SAMOA, Art. III, § 3 ("The Secretary of the Interior shall appoint a Chief Justice of American Samoa and such Associate Justices as he may deem necessary").

Falcon dispute. *See Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("[A] jurisdictional dismissal is res judicata on [i.e., forecloses the relitigation of] the jurisdictional issue."); *accord Segal v. Am Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979).

Moreover, even if Plaintiff stated cognizable claims against Secretary Haaland (and he does not), the Court would still lack subject matter jurisdiction over the S/V Falcon dispute because his complaint alleges insufficient facts to warrant exercising supplemental jurisdiction over his claims against Young and Peterson.

**I.  CONCLUSION**

For the foregoing reasons, Plaintiff's request to issue summons (Dkt. No. 9) is DENIED; his claims against Secretary Haaland are DISMISSED with prejudice, and his claims against Young and Pederson are DISMISSED without prejudice to refiling in a Court with appropriate jurisdiction.

DATED this 24th day of September 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE